IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| JAMES BLEVINS, | ) |
| | ) |
| Plaintiff, | ) PLAINTIFF JAMES BLEVINS'S |
| | ) COMPLAINT AND DEMAND FOR |
| – vs – | ) JURY TRIAL |
| | ) |
| GC SERVICES, LP, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES Plaintiff, JAMES BLEVINS ("Plaintiff"), through his attorneys, hereby alleges the following against Defendant, GC SERVICES, LP ("Defendant"):

### Nature of the Action

1. This action is brought by Plaintiff pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

2. The Texas Fair Debt Collection Practices Act, Tex. Fin. Code § 392.001 et seq. (TFDCPA).

### Parties

3. Plaintiff is a natural person residing, in the city of Huntington, County of Cabell, West Virginia and is otherwise *sui juris*.

4. Plaintiff is allegedly obligated to pay a debt and is a consumer as defined by 15 U.S.C. § 1692a(3).

5. Defendant is a Limited Partnership conducting business in the state of West Virginia, and has its principal place of business in Houston, TX.

6. Defendant is a debt collector as defined by 15 U.S.C. § 1692a(6), and sought to collect a consumer debt from Plaintiff.

7. Defendant acted though its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

## Jurisdiction and Venue

8. Defendant maintains its principal place of business in Texas and therefore personal jurisdiction is established.

9. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

10. Venue is proper in the United States District Court Southern District of Texas pursuant to 28 U.S.C § 1391(b) because Defendant resides within this District and a substantial part of the events or omissions giving rise to the herein claims occurred, or a substantial part of property that is the subject of the action is situated within this District.

## Factual Allegations

11. On or around June 21, 2018, Defendant placed a collection call to Plaintiff seeking and demanding payment for an alleged consumer debt.

12. Plaintiff's alleged debt arises from transactions for personal, family, and household purposes.

13. Defendant called Plaintiff's telephone number at (304) 573-45XX.

14. On or around June 21, 2018, Defendant left a voicemail message on Plaintiff's answering machine.

15. In the voicemail message, Defendant failed to meaningfully disclose the company's name or the nature of the call or state that the call was from a debt collector.

16. In the voicemail message, Defendant directed Plaintiff to call back telephone number (866) 749-7274, which is a number that belongs to Defendant.

17. In the voicemail message, Defendant failed to disclose the purpose of its call was to collect a debt allegedly owed by Plaintiff.

18. Defendant is using false, deceptive and misleading means in connection with attempting to collect a debt by not identifying the purpose of its phone calls or that they are an attempt to collect a debt.

## FIRST CAUSE OF ACTION

## DEFENDANT VIOLATED THE FDCPA 15 U.S.C. § 1692 et seq.

19. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-18.

20. Defendant's violations of the FDCPA include, but are not limited to, the following:

   a. Defendant violated *§1692(d)* of the FDCPA by engaging in conduct of which the natural result is the abuse and harassment of the Plaintiff;

   b. Defendant violated *§1692(d)(6)* of the FDCPA by placing a telephone call without disclosing his/her identity;

   c. Defendant violated *§1692(e)* of the FDCPA by any other false, deceptive, or misleading representation or means in connection with the debt collection; and

   d. Defendant violated *§1692(e)(11)* of the FDCPA by failing to contain the warning: This is an attempt to collect a debt… communication is from a debt collector.

## SECOND CAUSE OF ACTION

## DEFENDANT VIOLATED THE TFDCPA § 392.001 et seq.

21. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-20.

22. Defendant's violations of the TFDCPA include, but are not limited to, the following:

   a. Defendant violated *§ 392.304(5)(b)* of the TFDCPA by placing a telephone call and failing to disclose Defendant as a debt collector; and

   b. Defendant violated *§ 392.304(19)* of the TFDCPA by any other false, deceptive, or misleading representation or means in connection with the debt collection.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant for the following:

### FIRST CAUSE OF ACTION

23. Statutory damages of $1000.00 pursuant to 15 U.S.C. § 1692k;

24. Reasonable attorneys' fees, costs pursuant to 15 U.S.C. § 1692k; and

25. Awarding such other and further relief as may be just, proper and equitable.

### SECOND CAUSE OF ACTION

26. Actual damages pursuant to Tex. Fin. Code § *392.403(2)* or statutory damages of no less than $100 pursuant to § 392.403(2)(3), whichever is greater; and

27. Reasonable attorney's fees, costs pursuant to § *392.403(2)(b)*.

## JURY TRIAL DEMAND

28. Plaintiff demands a jury trial on all issues so triable.

RESPECTFULLY SUBMITTED,

Dated: October 18, 2018      By:*/s/ Peter Cozmy*k
                              Peter Cozmyk
                              Attorney in Charge
                              State Bar # 0078862
                              COZMYK LAW OFFICES, LLC
                              6100 Oak Tree Blvd., Ste. 200
                              Independence, OH 44131
                              pcozmyk@cozmyklaw.com
                              P: (216) 452-9145
                              F. (216) 485-2125

PLAINTIFF'S COMPLAINT